ADDISON MACULLAR & others *vs.* GEORGE F. WALL & another

In an action for goods sold and delivered, the plaintiff introduced his books of account and other evidence tending to show a sale and delivery of the goods; and the defendant introduced evidence that the goods were sold on a credit which had not expired when the action was brought. *Held*, that evidence of admissions of the defendant that the goods were to be paid for on delivery was merely affirmative of the plaintiff's original case; and that the refusal of the presiding judge to admit such evidence in rebuttal was therefore no ground of exception.

ACTION OF CONTRACT for goods sold and delivered. Writ dated April 20th 1855.

At the trial in the court of common pleas, before *Mellen*, C. J., the plaintiffs introduced their books of account and other evidence tending to show a delivery of the goods, being a quantity of ready made clothing, to the defendants on the 12th of December 1854, and there rested their case. At the close of the plaintiffs' evidence, they were requested by the defendants to put in at that time all the evidence on which they relied; but offered no further evidence then.

The defendants then called a witness, who testified that at the time of the delivery of the goods he accompanied the defendants to the plaintiffs' shop, and informed their clerk and agent that the defendants desired to purchase goods, and that James H. Wall, the father of one of the defendants, would guaranty payment to a certain amount; that the witness asked the clerk " to put the goods at their lowest time price;" and then went out of the shop, leaving the parties engaged in selecting goods.

The defendants further gave in evidence an admission of the plaintiffs that the goods were sold on a credit of six months, and also introduced evidence tending to show a custom among clothing dealers that, where goods are sold and nothing said between the parties as to time, a credit of six months is understood.

The plaintiffs' counsel then, by leave of court, made a further opening, in which he stated that he should prove that, after the interview in the shop, above mentioned, and before the delivery

of the goods, the defendants promised the plaintiffs to pay them on receipt of the goods, for all above the amount of the guaranty, and that the goods delivered amounted to between one and two hundred dollars above that amount; and should also prove several conversations in which the defendants admitted that they agreed to pay for the goods sued for immediately on delivery.

The residue of the bill of exceptions was thus: " The defendants' counsel objected that such evidence would not be rebutting evidence, but would merely be meeting the defence by evidence which should have been made a part of the original case; and also that it would tend to prove a different contract from that originally relied on. The presiding judge then stated the rule of law to be, that the plaintiffs could not introduce in rebuttal new affirmative proof of the original case, and that the burden of proof was on the plaintiffs to show that the price of the goods was due and payable at the time of bringing the action; and that, after the defendants' evidence was closed, the plaintiffs were not entitled to introduce this new affirmative proof of their original case. The plaintiffs' counsel made no further or other offer of testimony, but went to the jury on the evidence as it stood, who returned a verdict for the defendants. To the foregoing ruling the plaintiffs except."

*G. F. Verry*, for the plaintiffs, argued that the presiding judge erred in assuming, as matter of law, that the evidence offered in reply was new affirmative proof of the plaintiffs' original case.

*G. F. Hoar*, for the defendants.

DEWEY, J. The presiding judge properly ruled that the burden of proof was on the plaintiffs to show that the price of the goods sold was due and payable at the time of instituting the present action. The further ruling, that the plaintiffs were not entitled to offer additional evidence as affirmative proof of their original case, after the evidence of the defendants had been closed, furnishes no legal ground for exceptions. If admitted at all, it is a matter within the discretion of the court, and is admissible under peculiar circumstances requiring it. Its rejection furnishes no cause for exception. *Morrison* v. *Clark*, 7 Cush. 213. *York* v. *Pease*, 2 Gray, 282. *Exceptions overruled.*